UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHELLE THIBEAULT, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3-04-cv-1936 (JCH) |
| SCAP MOTORS, INC. a/k/a SCAP | : | |
| AUTOMOTIVE GROUP, | : | |
| Defendant. | : | AUGUST 22, 2005 |

**RULING ON DEFENDANT'S
MOTION TO DISMISS COUNTS THREE, FOUR, FIVE & EIGHT OF THE COMPLAINT
[DOC. NO. 10]**

The plaintiff, Michelle Thibeault, filed an eight-count complaint on November 12, 2004 against the defendant, her former employer, Scap Motors, Inc.  Thibeault claims that Scap Motors' discharge of her violates both state and federal law.  Scap Motors moved to dismiss counts three, four, five and eight of the complaint.  Thibeault withdrew counts three, four, and eight of her complaint on January 31, 2005.  Therefore, the court need only consider whether count five, wherein Thibeault claims that the Scap Motors discharged her in violation of Connecticut General Statute § 31-51q, states a claim upon which relief can be granted.

## I.  FACTUAL BACKGROUND

We consider the facts as alleged by the plaintiff in her complaint and draw all factual inferences in her favor.  On October 13, 1998, Brian Jones, then a Sales Manager at Scap Motors, hired Thibeault as a salesperson.  On February 1, 2000, Thibeault was promoted to Assistant Sales Manager upon the resignation of Jon Bettes.  On February 11, 2003, Jones resigned and upon his recommendation as well

1

as that of several other managers, Geza Scap, President of Scap Motors, promoted Thibeault to the position of Sales Manager.

Upon her promotion to Sales Manager, however, Thibeault was treated differently from other Sales Managers.  She was not permitted to hire, promote, or discharge employees without approval, to purchase or discuss the purchase of automobiles for her inventory, to appraise the value of automobiles, to place advertising, or to take part in any decision-making or managerial process.  Instead, Geza Scap consulted Thibeault's subordinates, both male, on major decisions. Furthermore, Thibeault learned that her pay structure differed from that of other similarly-situated employees both during her tenure as Sales Manager and as Assistant Sales Manager.  Her salary was less and she was not offered bonuses, as were her male counterparts.

During her employ at Scap Motors, Thibeault learned of wrongdoing by Scap Motors with respect to its relationship with a supplier, Daimler Chrysler.  Daimler Chrysler subsidized the costs of Scap Motors' promotional efforts.  Thibeault learned that Scap Motors would inflate the costs of such efforts by altering invoices so as to receive a greater subsidy from Daimler Chrysler.  Thibeault refused to participate in such wrongdoing and expressed her concerns regarding the practice to Scap Motors' agents.

## II.      DISCUSSION

### A.    Introduction

Arguing that Thibeault's speech did not relate to matters of public concern, Scap

2

Motors has moved for dismissal of count five under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**B.      Standard of Review.**

A Rule 12(b)(6) motion to dismiss tests only the adequacy of the complaint. United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004).  As a result, such a motion may only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In considering such a motion, the court must accept the factual allegations alleged in the complaint as true and all inferences must be drawn in the plaintiff's favor.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).  A Rule 12(b)(6) motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of a complaint.  Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Id. (quotation omitted).  However, "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

**C.      Stating a Claim Pursuant to Connecticut General Statute § 31-51q**

"Any employer . . . who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state . . ." Conn. Gen. Stat. § 31-51q.  Thibeault claims that her discharge, in

3

some part in retaliation for her concerns voiced regarding Scap's practice of inflating promotional costs, violates § 31-51q.  In order to state claim pursuant to § 31-51q, a plaintiff must allege that "(1) he was exercising rights protected by the first amendment to the United States Constitution (or an equivalent provision of the Connecticut Constitution); (2) he was fired on account of his exercise of such rights; and (3) his exercise of his first amendment . . . rights [] did not substantially or materially interfere with his bona fide job performance or with his working relationship with his employer." Lowe v. Amerigas, Inc., 52 F. Supp. 2d 349, 359 (D. Conn. 1999).  Scap claims that because the speech allegedly engaged in by Thibeault is not protected by the First Amendment, Thibeault cannot state a claim under § 31-51q.

"Section 31-51q extends protection of rights of free speech under the federal and state constitutions to employees in the private workplace.  The statute is not limited to freedom of speech in the public arena." Cotto v. United Technologies Corp., Sikorsky Aircraft Division, 251 Conn. 1, 16 (1999).  Nevertheless, the statute does not protect all speech.  "The statute applies only to expressions regarding public concerns that are motivated by an employee's desire to speak out as a citizen." Id. at 17.  The court must consider, therefore, whether Thibeault spoke "as a citizen upon matters of public concern" or "instead as an employee upon matters only of personal interest." Connick v. Myers, 461 U.S. 138, 147 (1983).  The Connecticut Supreme Court has concluded that,"it is within the province of the trial court to determine, as a matter of law, which topics are considered to be of public concern.  The resolution of a whether an employee's statements address such a topic is, however, within the province of the jury,

4

to be determined by looking to the content, form and context of the particular statements in question."  Daley v. Aetna Life & Casualty Co., 249 Conn. 766, 782 (1999).  For example, "[m]otivation is a quintessential issue of fact."  Daley, 249 Conn. at 778.  Therefore, while generally determination of whether speech addresses a matter of public concern is a question of law for the court, where a person's motivation for engaging in such speech is disputed, the question may be one of fact.

The court must determine, therefore, whether the issue of Scap Motors' alleged practices constituted a matter of public concern.  Thibeault's complaint and comments regarding the practice were not of a personal matter.  It cannot be said that Thibeault's speech concerned only "'the scope of the terms and conditions of her employment.'"  Winik-Nystrup v. Manufacturers Life Insurance Co., 8 F. Supp. 2d 157, 160 (D. Conn. 1998) (quoting Urashka v. Griffin Hospital, 841 F. Supp. 468, 473 (D. Conn. 1994).  Her speech did not relate to the terms of her employment or her own pay and salary. Instead, it addressed her employer's potentially illegal practices with respect to a private third party.  Whether a private entity is acting criminally is a matter of public concern. Furthermore, the fact that Thibeault expressed her concerns privately rather than publicly does not cause her to relinquish protection of First Amendment-protected speech.  Givhan v. Western Line Consolidated School Dist., 439 U.S. 410, 414 (1979); see also Gottlob v. Connecticut State Univ., 1996 WL 57087, *5 (Conn. Super. 1996) (considering whether Conn. Gen. Stat. § 31-51q protected university athletic director who refused to turn over a student's name to her superiors).  Therefore, the court concludes that, as a matter of law, Thibeault's speech touched on a matter of public

concern.

There remains the "factual inquiry into [Thibeault's] motivation for making such statements."  Daley, 249 Conn. at 784.  This is a question of fact, inappropriate for resolution on a motion to dismiss.

**III.     CONCLUSION**

For the reasons discussed above, the defendant's motion to dismiss count five of the complaint is DENIED.

**SO ORDERED**

Dated at Bridgeport, Connecticut this 22nd day of August, 2005.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge